**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR THOMPSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-1095** |
| | : | |
| **FEDERAL BUREAU OF** | : | |
| **INVESTIGATION,** *et al.*, | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**MARSTON, J.**                                                                    **March 17, 2025**

*Pro se* Plaintiff Arthur Thompson filed this civil rights action based on his arrests and pending criminal prosecutions in state and federal court. Thompson seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Thompson leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS[1]

Public dockets reflect that Thompson was arrested in Philadelphia on December 21, 2022, and charged with firearms and drug offenses that are currently pending in the Philadelphia Court of Common Pleas. *Commonwealth v. Thompson*, No. CP-51-CR-0000826-2023 (Phila. Cnty. Ct. Com. Pl.). He was later arrested in October 2023, and charged with additional drug and firearms offenses that are likewise pending in the Philadelphia Court of Common Pleas. *Commonwealth v. Thompson*, Nos. CP-51-CR-0008150-2023, CP-51-CR-0008153-2023 (Phila.

---

[1] In determining whether the Complaint states a claim, the Court considers Thompson's allegations, exhibits attached to the Complaint, and matters of public record. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court adopts the pagination supplied by the CM/ECF docketing system.

Cnty. Ct. Com. Pl.).  According to court records, Thompson's criminal cases were initially assigned to the Honorable Zachary C. Shaffer and are currently assigned to the Honorable Shanese I. Johnson.  Thompson was also indicted by a federal grand jury in this District with one count of possession of a firearm by a felon based on an offense allegedly occurring on December 20, 2022.  *United States v. Thompson*, No. 25-cr-13-KSM (E.D. Pa.).  He was arrested pursuant to a bench warrant in connection with this charge on January 17, 2025.  *Id.* (Doc. No. 9.) Thompson hired Robert Gamburg, Esq., to represent him in all four prosecutions.

In the instant civil action, Thompson challenges the constitutionality of his state and federal prosecutions.  (Doc. No. 2 at 5–6.)  The gravamen of the Complaint is Thompson's allegation that, as a Muslim, he believes that the Qur'an directs him to carry arms.  (*Id.* at 2, 6.) He reasons that he has, therefore, been incarcerated for exercising this religious belief in violation of his constitutional rights to practice his religion and bear arms.  (*Id.*)  He further contends that the District Attorney's Office "used other gun laws" to violate his rights and that Judges Shaffer and Johnson caused him to be incarcerated for ten months by denying him bail or setting high bail.  (*Id.* at 7.)

While he was incarcerated, Thompson was allegedly stabbed in the head.  (*Id.* at 14.) Although Thompson eventually posted bail, Assistant District Attorney Robert Goggin filed a motion to revoke his bail, which Judge Johnson initially granted, although she later put Thompson on house arrest.  (*Id.* at 7–8.)

When Thompson was later indicted by "the Feds," he "told them [that he is] a Muslim and [has] a constitutional right to practice [his] religion," and that he believed they were violating his constitutional rights, but the charges were not dropped.  (*Id.* at 8.)  Thompson

further contends that Attorney Gamburg "never did his job" because he failed to argue for dismissal of the charges based on the alleged violation of Thompson's religious rights. (*Id.*)

Based on these allegations, Thompson has sued the following Defendants: (1) the Federal Bureau of Investigation ("FBI"); (2) Judge Johnson; (3) Assistant District Attorney Goggin; (4) the Commonwealth of Pennsylvania; (5) "Philadelphia Gun Task Force"; (6) the Philadelphia Police Department; (7) Attorney Gamburg; (8) Judge Shaffer; (9) the Philadelphia District Attorney's Office; and (10) the "Court of Common Pleas." (*Id.* at 1–3.) Thompson asserts claims against the named Defendants for violations of the First, Second, and Eighth Amendments to the United States Constitution and for conspiracy to deprive him of his constitutional rights in violation of 18 U.S.C. § 241. (*Id.* at 2, 14.) On that basis, he asks the Court to initiate criminal charges against Defendants and to award him $50 million. (*Id.*)

## II.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Court grants Thompson leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III.    SCREENING UNDER 28 U.S.C. § 1915(e)

Because the Court grants Thompson leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A.    Legal Standard

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice to state a claim. *Iqbal*, 556 U.S. at 678. The Court is also obligated to dismiss any claims seeking monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.    Discussion

As noted above, Thompson brings claims against the named Defendants for conspiracy to deprive him of his constitutional rights in violation of 18 U.S.C. § 241 and for violations of his rights under the First, Second, and Eighth Amendments to the United States Constitution. (Doc. No. 2 at 2, 14.) Thompson seeks initiation of criminal charges against Defendants and monetary damages. (*Id.* at 14.) The Court first addresses Thompson's conspiracy claims and request to initiate criminal charges before turning to Thompson's constitutional claims.

#### 1.    Section 241 and Request to Initiate Criminal Charges

Thompson cites 18 U.S.C. § 241, which criminalizes conspiring to deprive someone of their rights, as the basis for his lawsuit. (*Id.* at 14.) However, that criminal statute does not give

rise to a civil cause of action. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" ); *Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez.").

Similarly, Thompson's request for the initiation of criminal charges has no place in a civil lawsuit and is not the type of relief this Court can order. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Smith v. Friel*, No. 19-cv-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) ("[C]ourts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties[.]").

Accordingly, the Court will dismiss these claims with prejudice. However, the Court will construe Thompson's claims under the analogous civil provisions and address those civil claims for damages below. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.").

### 2. Civil Conspiracy

Although Thompson baldly refers to a conspiracy to violate his rights, he has not pled one. (*See* Doc. No. 2 at 6–14.) "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). "[A] bare assertion of

conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).

Thompson's conclusory assertion that he is the target of a conspiracy—apparently based solely on the fact of his prosecutions and related restrictions on his liberty—is wholly unsupported by any factual allegations.  Accordingly, Thompson has failed to allege an unconstitutional conspiracy, and the Court will dismiss Thompson's civil conspiracy claims without prejudice.  *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Great W. Mining & Mineral Co.*, 615 F.3d at 179 (holding that conspiracy claim was not plausible where plaintiff "failed to allege except in general terms the approximate time when the agreement was made, the specific parties to the agreement . . . , the period of the conspiracy, or the object of the conspiracy").

### 3.    Section 1983 Claims

The remainder of Thompson's claims are best construed under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Thompson's claims against the remaining Defendants fail for the reasons stated below.

6

### a.    Claims Against the FBI

Thompson has not alleged any legal basis for a claim against the FBI in connection with his prosecution.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").  Since there is no waiver of immunity for an individual to pursue damages claims against the FBI for alleged constitutional violations, Thompson's claims against the FBI may not proceed.

### b.    Claims Against the Commonwealth of Pennsylvania and the Court of Common Pleas

Thompson has not stated a plausible claim against the Commonwealth of Pennsylvania or the Court of Common Pleas.  States are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989).  Furthermore, the Eleventh Amendment generally bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Though a state may waive its sovereign immunity by consenting to suit against it in federal court, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 99, the Commonwealth of Pennsylvania has not waived its immunity, *see* 42 Pa. Cons. Stat. § 8521(b).  Pennsylvania's courts are arms of the Commonwealth that share in the Commonwealth's Eleventh Amendment immunity, and, as such, are also not considered "persons" subject to liability under § 1983.  *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under §

7

1983" (quoting *Will*, 491 U.S. at 70)); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d

Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit

under the Eleventh Amendment).  Because neither the Commonwealth of Pennsylvania nor the

Court of Common Pleas are subject to liability under § 1983, the claims against them must be

dismissed with prejudice.

### c.    *Claims Against Attorney Gamburg*

Thompson's claims against Attorney Gamburg, his privately retained criminal defense

counsel, are based on Attorney Gamburg's alleged failure to raise certain arguments on

Thompson's behalf in his state and federal prosecutions.  (*See* Doc. No. 2 at 8.)  An attorney

performing the traditional functions of counsel—whether privately retained, court-appointed, or

a public defender—is not a state actor for purposes of § 1983.  *See Gannaway v. Stroumbakis*,

842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney

clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the

functions of court-appointed counsel.'") (citation omitted).  That is because "[a]ttorneys

performing their traditional functions will not be considered state actors solely on the basis of

their position as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277

(3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*)

("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for

purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-cv-10451, 2022 WL 1470528, at

*2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr.

Moschella does not provide a basis for a civil rights claim against him.").  For these reasons,

Attorney Gamburg is not subject to liability under § 1983, and the claims against him will be

dismissed with prejudice.

#### d.    *Claims Against Judges Shaffer and Johnson*

Thompson's claims against Judges Shaffer and Johnson are based on the judicial decisions they made while presiding over Thompson's criminal cases.  (*See* Doc. No. 2 at 7–8.) Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  As Thompson's § 1983 claims against the Judges are based on acts they took in their judicial capacity while presiding over Thompson's criminal cases, over which they clearly had jurisdiction to act, the claims against Judges Shaffer and Thompson must be dismissed with prejudice.

#### e.    *Claims Against Assistant District Attorney Goggin*

Thompson's claims against Assistant District Attorney Goggin are based on arguments for revoking Thompson's bail, which he made in court on behalf of the Commonwealth.  (*See* Doc. No. 2 at 7, 13.)  Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024) ("Prosecutors . . . are absolutely immune from liability under § 1983 for engaging in conduct that serves a quasi-judicial function."); *Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (prosecutors were entitled to

immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial").  This immunity covers making arguments for the denial of bail.  *See Sheffer v. Centre County*, 818 F. App'x 160, 162 (3d Cir. 2020) (*per curiam*) ("[T]he Magistrate Judge correctly concluded that Sheffer's allegations concerning ADA Hundt's participation in his pre-trial arraignment and bail proceedings fall within the scope of her prosecutorial duties."); *Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (*per curiam*) ("To the extent that the prosecutors argued that bail was not appropriate in Nash's case, they are protected by prosecutorial immunity.").  Accordingly, the Court will dismiss Thompson's claims against Assistant District Attorney Goggin with prejudice because he is entitled to absolute prosecutorial immunity.

### f.    Claims Against the Philadelphia Police Department, the Philadelphia District Attorney's Office, and the Philadelphia Gun Task Force

Thompson's claims against the Philadelphia Police Department, the Philadelphia District Attorney's Office, and the Philadelphia Gun Task Force[2] appear to be based on those entities' roles in his arrest and prosecution.  (*See* Doc. No. 2 at 6–8.)

The Philadelphia Police Department does not have a separate legal existence from the City and, as a sub-division of the City, is not a proper defendant under § 1983.  *See Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-cv-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023) (*per curiam*) ("[M]unicipal police departments are governmental sub-units that are not

---

[2] "In 2006, the Pennsylvania Attorney General's Office and the Philadelphia District Attorney's Office jointly formed the Gun Violence Task Force to investigate and prosecute crimes involving the illegal use of firearms."  https://phillyda.org/safety-and-justice/investigations/gun-violence-task-force/ (last accessed Mar. 11, 2025); *see also Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (the Court may take judicial notice of information posted on official public websites of Government agencies).

distinct from the municipalities of which they are a part, and thus may not be separately sued under § 1983." (internal citations omitted)); *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to § 1983 because it is a sub-division of its municipality); *Vurimindi v. City of Philadelphia*, No. 10-cv-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"). The Philadelphia Gun Task Force, which is not distinct from the Philadelphia District Attorney's Office, is also not a proper defendant in this case. *See Stasko v. Lebanon Cnty. Drug Task Force*, No. 12-cv-1156, 2012 WL 6561726, at *6 (M.D. Pa. Dec. 17, 2012) (holding that a task force was not a suable entity under § 1983).

It is, however, unclear whether the Philadelphia District Attorney's Office is an entity subject to suit under § 1983, such that it can be considered a proper defendant. *See Harper v. City of Philadelphia*, No. 18-cv-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) ("District courts within the Third Circuit disagree about whether the [District Attorney's Office] is a separate entity from the City of Philadelphia such that it can be sued separately under § 1983."). *Compare Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) ("[T]he Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability."), *and Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."), *with Quintana v. City of Philadelphia*, No. 17-cv-996, 2017 WL 3116265, at *4 (E.D. Pa. July 21, 2017) ("Quintana may sue the District Attorney's Office in addition to the City."), *and Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711–12 (E.D. Pa. 2015) ("[T]he Court concludes that

neither § 16257 nor *Reitz* bars suit against the D.A.'s Office under the circumstances of this case.").

Regardless, and to the extent that Thompson's claims against any of these municipal Defendants can be understood to have been intended as claims against the City of Philadelphia, there is no suggestion at all in the Complaint that the constitutional violations of which Thompson complains stemmed from a policy or custom of any of these entities, as would be required to allege municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (to state a § 1983 claim against a municipal entity, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (explaining that the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard); *Barosh v. Ramirez*, No. 19-cv-322, 2020 WL 416844, at *6 (M.D. Pa. Jan. 27, 2020) ("[E]ven assuming that Plaintiff can proceed against the [District Attorney's Office], he has failed to set forth a municipal liability claim against that entity.").

Accordingly, the Court will also dismiss Thompson's claims against these Defendants. *See Jackson v. Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (*per curiam*) ("[T]he allegations in the complaint do not reach the municipality, in any instance, because the alleged injury was inflicted solely by its employees."). Having construed these claims as claims against the City of Philadelphia as well, the claims will be dismissed without prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Thompson leave to proceed *in forma pauperis* and dismiss his Complaint.  The Court will dismiss with prejudice Thompson's criminal conspiracy claims and constitutional claims against the FBI, the Commonwealth of Pennsylvania, the Court of Common Pleas, Attorney Gamburg, Judges Shaffer and Johnson, and Assistant District Attorney Goggin.  He will not be given leave to amend these claims because the Court concludes that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

The Court advises that Thompson's criminal cases are the proper fora for Thompson to challenge the validity of the criminal charges asserted against him and provide Thompson an opportunity to present his constitutional defenses.[3]  Nevertheless, the Court will dismiss without prejudice Thompson's civil conspiracy claims against all named Defendants and constitutional claims against the Philadelphia Police Department, the Philadelphia District Attorney's Office, and the Philadelphia Gun Task Force.  Thompson will be given an opportunity to correct the defects in his claims by filing an amended complaint.  Any amended complaint must clearly describe the factual basis for his claims.  To the extent that Thompson can allege that a policy or custom of the City of Philadelphia caused the violations of his constitutional rights, Thompson may only bring such a claim against the City of Philadelphia—not the Philadelphia Police Department, the Philadelphia District Attorney's Office, or the Philadelphia Gun Task Force.

---

[3] The Court expresses no opinion on the merits of those arguments.

Thompson may not reassert a claim that has already been dismissed with prejudice, or rename a party that has already been terminated from this case.[4]

     An appropriate Order follows, which provides further instruction about amendment.

---

[4] The Court notes that Thompson's claims, if plausibly alleged, may be barred by the principle set forth in *Heck v. Humphrey, i.e.*, that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486–87 (1994) (footnote and citation omitted).

    The Court also notes that under the doctrine of abstention developed in *Younger v. Harris*, 401 U.S. 37 (1971), there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see also PDX N. Inc. v. Comm'r N.J. Dep't of Labor & Workforce Develop.*, 978 F.3d 871, 882 (3d Cir. 2020) (explaining that *Younger* abstention is appropriate when consideration of the federal claims would interfere with a pending state criminal prosecution).

    Because Thompson has not pled any plausible claim, the Court need not address the applicability of the *Heck* bar or *Younger* doctrine at this time. However, the Court will do so if Thompson files an amended complaint raising plausible claims based on his pending criminal prosecutions.